The undersigned respectfully dissents from the Opinion and Award awarding plaintiff workers' compensation benefits. The conclusion that plaintiff sustained right peroneal neuropathy which developed into complex regional pain syndrome ("CRPS") as a result of the November 16, 2001 injury is not supported by competent medical evidence or the facts in record. Dr. Brown based his opinion regarding causation on the sequence of events, indicating that the presence of reflex sympathetic dystrophy ("RSD") type symptoms following the injury is evidence of causation. As it is legally insufficient to rely on the maxim post hoc, ergo propterhoc, Dr. Brown has failed to identify any clear link to the injury. SeeYoung v. Hickory Business Furniture, 353 N.C. 227, 538 S.E.2d 912 (2000). I disagree with the majority that Young does not control; without the maxim, Dr. Brown is unable to link CRPS to the November 16, 2001 to any degree of medical certainty. Further, the testimony of Dr. Van Ness is not compelling, as he did not examine plaintiff until over a year past the date of injury, received an incorrect personal history from plaintiff, and failed to review numerous medical records prior to rendering his opinion regarding causation.
The evidence does not support the majority's determination that plaintiff was disabled as a result of the injury. Plaintiff has not proven that he has been unable to earn wages at any time due to the injury as none of his treating physicians have removed him from work or given him restrictions due to the November 16, 2001 injury. Consequently, plaintiff's claim should be denied.
This the ___ day of______, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN